UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYMOND HAROLD KIMBLE III**               **CIVIL ACTION**

**VERSUS**                                  **NO. 14-2779**

**PARISH OF JEFFERSON, CITY OF**            **SECTION "G"(4)**
**HARAHAN, DAVID J. DEROCHE, CHIEF**
**JOE LORENZO, NICK GLEBER, ROBERT**
**HOGAN, WILLIAM SANDINO**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Raymond Harold Kimble, III ("Kimble") was incarcerated in the Jefferson Parish Correctional Center at the time of the filing of this *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] He has since been released from prison.[2] Kimble filed this civil rights complaint against the defendants, the Parish of Jefferson, the City of Harahan, David J. Deroche, Chief Joe Lorenzo, Nick Gleber, Robert Hogan, and William Sandino, alleging that his arrest for burglary and the search of his vehicle were illegal, unconstitutional, and factually contrived.[3]

---

[1] Rec. Doc. No. 3, Complaint.

[2] Rec. Doc. No. 5.

[3] Rec. Doc. Nos. 1, 8.

After payment of the filing fee by Kimble following his release from jail, summons were issued to the defendants and provided to Kimble for service upon the defendants.[4] The record does not contain any indication the defendants were served at that time with summons or the original complaint.

Following the filing of an Amended Complaint, Kimble filed a request on May 11, 2015, to have summons reissued to each of the defendants and the Clerk of Court complied.[5] The record does not contain any indication that Kimble served the summons and original and amended complaints on the defendants.

As a result, on October 29, 2015, the undersigned issued an Order for Kimble to show cause on or before November 25, 2015, by written memorandum or motion why the claims against the defendants should not be dismissed for failure to serve within the time period provided under Fed. R. Civ. P. 4(m).[6] Kimble has not responded to the Court's Show Cause Order nor has the envelope addressed to Kimble been returned.

## II.   Analysis

At all relevant times in this case, Fed. R. Civ. P. 4(m) provided that service must be made within 120 days of the filing of the complaint. In this case, summons were issued by the Clerk of Court, and the record does not contain any indication that Kimble served any of the defendants as required by law. Kimble also has not complied with the Court's order.

---

[4] Rec. Doc. No. 7.  Pauper status was denied on January 5, 2015.  Rec. Doc. Nos. 4, 6.

[5] Rec. Doc. Nos. 8, 10, 11.

[6] Rec. Doc. No. 12.

Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

Kimble is not represented by counsel and is solely responsible for his failure to comply with the Court's order and the Federal Rules of Civil Procedure.  Kimble has simply failed to respond to the Court's Show Cause Order or submit proof of service on the defendants.  He therefore has failed to comply with both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).  Because Kimble has caused continued delay in the progress of this action and has failed to perfect service, his claims should be dismissed with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b) dismissal should be with prejudice "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (the courts "view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.")

**III.     Recommendation**

It is therefore **RECOMMENDED** that Kimble's complaint against the defendants, Parish of Jefferson, the City of Harahan, David J. Deroche, Chief Joe Lorenzo, Nick Gleber, Robert Hogan, and William Sandino, be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 21st day of December, 2015.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.